UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Susan A. Shaw ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> BAC HOMELOANS SERVICING, L.P., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:10-cv-11021-DJC <br><br> Opposition to Motion to Dismiss |

## SUSAN A. SHAW'S
## OPPOSITION OF MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 9(a) Plaintiff Susan A. Shaw, respectfully moves the court to deny defendants motion to dismiss and submit's the following memorandum in support of her motion to oppose BAC's motion to dismiss filed 7/22/11.

## MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS

### INTRODUCTION

The plaintiff has filed suit to prevent BAC from foreclosing on my property and to get them to evaluate me for a HAMP modification. The defendant, BAC, has spent roughly the past year evaluating for HAMP only to stop and file a motion to dismiss. They wish to dismiss the Claim I of my complaint for Breach of Contract claiming I am not a beneficiary to the HAMP contract and to dismiss Count II of my complaint for violations of the Fair

1

Debt Collection Practices Act claiming that "Plaintiff does not plead any specific facts that, if taken to be true, would constitute a violation of FDCPA."

I would like to add that I have been misled by my own lawyer as to the causes that were going to be filed and not allowed to amend my complaint.

### Reasons for Opposition to BAC Motion to Dismiss

The Defendant has requested a motion to dismiss Count I Breach of Contract on the grounds that plaintiff has not stated a claim for which relief may be granted. Defendant states that the Plaintiff has not demonstrated that she is a third party beneficiary to the contract involving the HAMP program.

BAC is servicing my loan and telling me the owner of the loan is Fannie Mae. According to *Speleos v. BAC Home Loans Servicing L. P.*, 2010 WL 517410, (D. Mass) that would mean they are at least bound by a servicing contract with Fannie Mae to evaluate for HAMP before foreclosing. Judge Gorton of Speleos noted "The servicer agreement provides that BAC abide by Fannie Mae's guidelines including the HAMP guidelines. The HAMP guidelines prohibit a servicer from foreclosing on a homeowner whose mortgage is owned by Fannie Mae before the homeowner has been evaluated for a HAMP loan modification. HAMP Guidelines, VII, 610.04.04."

I have not received a denial letter or evaluation for other loss mitigation as required by HAMP guidelines in violation of those guidelines, which in *Speleos*, 2011 WL 5174510 constituted grounds for a claim of negligence and in *Cruz v. Hacienda Associates, LLC and Wells Fargo N. A.*, Case no. 10-43793-MSH adv. Pro. No. 11-040061.26 (attached) grounds for a claim of not acting in good faith and in *Morris v. BAC Home Loans*

2

*Servicing L. P.*, 3011 WL 1226974 (D. Mass. 2005), can give rise to a viable 93A claim.

Defendant cites decisions denying breach of contract claims due to no third party beneficiaries to contract with the government for HAMP. However in *Cruz v. Hacienda Associates, LLC and Wells Fargo N. A.*, Case no. 10-43793-MSH adv. Pro. No. 11-040061.26 (attached) the judge found that while he agreed with those decisions that Wells Fargo did breach "its duty to act in good faith and with reasonable diligence before attempting to foreclose its mortgage on the plaintiffs property." "in Mass. Gen. Laws ch. 244, a mortgagee must act in good faith and must use reasonable diligence to protect the interests of the mortgagor. *Williams v. Resolution GGG OY*, 417 Mass. 377, 382-83 (1994). In *Snowden v. Chase Manhattan Mortgage Corp.*, 2003 WL 22519518 (Mass. Super.), the court held that a lender breached this duty by foreclosing a mortgage the day after receiving notice that the borrower had negotiated an agreement to sell the property at a price beneficial to the lender. The court noted that mortgagees in Massachusetts must act as a "trustee for the benefit of all persons interested" Id. At *2 (quoting Taylor v. Weingartner, 233 Mass. 243, 247 (1916))."

Defendant has taken eight months to evaluate Plaintiff for a HAMP loan modification only to stop and file a motion to dismiss. This is similar to the experiences of the Cruz's and Speloes's situations in attempting HAMP modifications of their loans. Both cases denied third party beneficiaries but allowed the causes of negligence and breach of good faith. Judge Hoffman of Cruz, noting that "Count V of the complaint that Wells Fargo breached its duty of good faith and reasonable diligence is comparable to the negligence claim in *Speleos.*" I would add that a claim of violation of FDCPA and CMR 209 of

3

unfair and unconscionable servicing in my count II claim is also comparable.

I just want to clarify that the Defendant lists acts considered violations of 209 CMR 18.21. Violations are not limited to these offenses. The law states, "18.21 **Unfair Servicing Practices:** A third party loan servicer may not use unfair or unconscionable means in servicing any loan. Without **limiting** the general application of **the foregoing**, the following conduct is a violation of 209 CMR 18.21:" (emphasis added) Defendant then lists the conduct listed under this heading as if they are the only acts considered violations. These are not the only conduct prohibited by this law if I am reading it right. Only a proper discovery, which to my knowledge my ex lawyer did not due could tell if these other violations exist.

That being said, on or about June 18, 2011 the defendant did foreclose on my property in the midst of this current lawsuit, rescinding it a week later. Foreclosing on the plaintiffs property in the midst of a lawsuit and after being assured it wouldn't happen, added to the HAMP violations, is certainly unfair and probably unconscionable.

Still there has been no denial letter and no evaluation for other loss mitigation which in Speleos constituted grounds for a claim of negligence and in Cruz grounds for a claim of not acting in good faith under Mass. Gen. Laws ch. 244 and Morris, HAMP violations can give rise to a viable 93A violation.

I have a letter from the foreclosing attorney mentioning a 93A letter. (Exhibit A) I have not been able to verify that letter yet though I did send an email to my previous attorney (Exhibit B) I have not heard back from him.

I have from the start of this lawsuit been asking my lawyer to file 93A claims against

4

BAC to file a RESPA and analyze mortgage documents for legal claims. I have been asking him for months to amend my pleadings. I have provided our correspondences through emails about these matters including an attachment to one of the emails. (Exhibit C) To my knowledge no discovery was ever done either. Probably because BAC was negotiating a settlement up until filing a motion to dismiss.

## CONCLUSION

For the above reasons I am asking to amend my pleadings to include other claims against BAC and the chance to perform the discovery left undone by my previous lawyer. And I am asking that the BAC motion to dismiss be denied.

All I really want is for my loan to be fixed so that I can make my payments. The right thing to do is to fix it. If they are not willing to do that then I will need time to amend my pleadings and to conduct discovery that my ex lawyer did not do. I wish time to find help to do this as lawyering is not my first line of occupation. I have had to study a course in law, look up case law and continue to run my business all at the same time. I would like several months to amend or for BAC to settle with me. Thank you for your time though I wish I did not have to take it.

Dated This 19th day of October, 2011

Susan A. Shaw Pro Se
12 Jarvis Lane North Attleboro MA. 02760
508-643-9871 sue234@aol.com

Mailed to:
Kathleen E. Roblez Esq.
Goodwin Proctor LLP
Exchange Place
53 State Street
Boston Ma. 02109 Kroblez@goodwinproctor.com 617-570-1876