UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Susan A. Shaw ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil Action No. 1:10-cv-11021-DJC |
| ) | |
| BAC HOMELOANS SERVICING, L.P.,) | Opposition to Motion to Dismiss |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF SUSAN A. SHAW'S OPPOSITION OF MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 9(a) Plaintiff Susan A. Shaw, respectfully moves the court to deny defendants motion to dismiss and submit's the following memorandum in support of her motion to oppose BAC's motion to dismiss filed May 14, 2012.

## MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS

While I had hoped for an extension of time to look up cases brought up by the defendant it has not been received in time to take the time I would have wanted in preparing this opposition. Unfortunately without adequate time I am unable to prepare as best an opposition as I would have liked. For that I apologize

### THIRD PARTY BENEFICIARY

First, the defendant Opposition to Dismiss states, "Plaintiff's contract based claims fail because Plaintiff has failed to demonstrate that she is an intended third-party beneficiary of the servicing contract entered into between BANA and the Federal

1

National Mortgage Association." The Defendant uses two cases to support her statement that I have not had time to find before having to file my opposition.

I did however find a case that not only supported third-party beneficiary status but also negligence, along with 93A violations.

In <u>Parker v Bank of America, NA</u> Middlesex Superior Court Civil Action No. 11-1838 (December 15, 2011) Judge Billings explains his belief that homeowners are third party beneficiaries of the HAMP program. I did apply with the defendant for the HAMP program and was denied without any other facts or figures to justify the denial or offered any other foreclosure mitigation. I have asked for the figures used to calculate the NPV test on at least two occasions but have still not received them. I believe that the wrong figures were used to calculate the NPV.

The Parker Court uses judicial notice to inform at length about the HAMP program and activities surrounding it. He tells how it came to be enacted. "The subprime lending disaster and resulting financial meltdown prompted Congress to enact, and President Bush to sign, The Emergency Economic Stabilization Act of 2008. (7) The Act's centerpiece was the creation of the $700 billion Troubled Asset Relief Program(TARP)., and a new Office of Financial Stability to oversee it. Bank of America was in the first group of nine large banks to accept TARP finds, nine days after the Act was signed into law. (8)"

This case then explains the evolution of HAMP from it's inception to the present and points out it's inadequacies along the way in regard to it's poor performance and lack of enforcement. "The GAO also identified the lack of administrative enforcement

2

mechanisms as a significant flaw in HAMP:" Furthermore, Footnote (16) noted "the June, 2010 GAO report was critical of Treasury's failure to "establish specific consequences or penalties for noncompliance with HAMP guidelines," including "those related to treatment of borrowers." GAO-10-634 at 27. Nine months later, the GAO reported that "little action has been taken to date" on its recommendations on this and other aspects of HAMP administration. GAO-11-476T, p. 15.

The Parker case noted that "They have no other forum in which their claims may be heard and adjudicated. Denial of third -party beneficiary status to persons aggrieved by violations such as are alleged here would be - borrowing the words of the SJC when considering a different claim by beneficiaries of a federal government contract - to "mock the very goals of" the program that the contract was intended to further, placing its "'legitimacy… in grave doubt.'" Ayala, 404 Mass. At 700-02 (citation omitted)." The Parker court denied the defendant's request to dismiss the claim of Breach of Contract as it had to do with third-party beneficiary status.

## NEGLIGENCE

The Defendant has made the claim that "all subsequent judges in this Court have consistently declined to follow Judge Gorton' holding in Speleos." presumably denying claims of negligence. The Parker case references a case Alpino v. JPMorgan Chase Bank, National Ass'n, 1:10-12040-PBS, 2011 WL 1564114 (D. Mass. April 21, 2011 Saris, U.S.D.J.) mentioned in the footnote below, that has allowed a negligence claim since the Speleos decision.

Footnote from Parker v Bank of America, NA., "Footnote (19) Some courts which

have denied borrowers third-party beneficiary status have nonetheless permitted a negligence claim to proceed. E.g., Speleos at 310-11 and Alpino at 10-11. Others have held that the absence of an enforceable contract duty meant that there was no duty of care. E.g., Markle at 15-18; Brown at 6-8; and Barrasso at 5-6. Having parted with the majority on the contract issue, I have the luxury of sidestepping this interesting tort issue."

## 93A

Footnote from Parker v. Bank of America, NA., also supporting 93A claims. "Footnote (20) It bears noting that even those courts which have denied third-party beneficiary contract claims have generally held that "a violation of the HAMP guidelines may nonetheless, in some circumstances, provide a basis for a claim under Chapter 93A." Markle, slip op. at 18; accord, Blackwood; Alpino, slip op at 10; Barrasso, slip op. at 6-9; Morris v. BAC Home loans Servicing, L.P., 1:10-11572-PBS (D. Mass. April 12, 2011; Saris, (USDJ); cf. Boyd v. U.S. Bank, N.A., 10 C 3367 (N.D. Ill. April 12, 2011;Feinerman, U.S.D.J.), slip op. at 5-10 (denying motion to dismiss as to claim under Illinois Consumer fraud and Deceptive Business Practices Act). "

## CONCLUSION

For the above reasons I am asking the Defendant's motion to dismiss be denied.

Dated This 25th day of May, 2012

Susan A. Shaw Pro Se
12 Jarvis Lane North Attleboro MA. 02760
508-643-9871 sue234@aol.com

Mailed to:
Kathleen E. Roblez Esq.
Goodwin Proctor LLP Exchange Place
53 State Street
Boston Ma. 02109 Kroblez@goodwinproctor.com 617-570-1876

4