UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN A. SHAW,<br><br>       Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., successor by merger to BAC HOME LOANS SERVICING, L.P.<br><br>       Defendant. | Civil Action No. 1:10-cv-11021-DJC |

**DEFENDANT BANK OF AMERICA, N.A.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR MEMORANDUM OF LIS PENDENS**

Defendant Bank America, N.A. ("BANA") hereby submits this Opposition to Plaintiff Susan A. Shaw ("Plaintiff")'s Motion for Memorandum of Lis Pendens. The Court should deny Plaintiff's motion because Plaintiff has failed to commence this proceeding by means of a verified complaint that names as defendants all owners of record for the property located at 12 Jarvis Lane, North Attleboro, Bristol County, Massachusetts 02760 ("the Property").

The Massachusetts Lis Pendens Statute, G.L. c. 184 § 15(b), provides in relevant part:

> Any party seeking a memorandum of lis pendens under this section shall commence the underlying proceeding by means of a verified complaint or other complaint as is required under the rules of court to include a certification by the claimant made under the penalties of perjury that the complainant has read the complaint, that the facts stated therein are true and that no material facts have been omitted therefrom. The complaint shall name as defendants all owners of record and any party in occupation under a written lease.

On March 21, 2013, Plaintiff filed a Motion for Memorandum of Lis Pendens, along with a Second Amended Verified Complaint ("Second Amended Complaint" or "Sec. Am. Compl."). Docket Entries # 43 – 44. The Second Amended Complaint asserts claims against BANA for:

violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692k ("FDCPA") (Count I), Breach of the Implied Covenant of Good Faith and Fair Dealing (Count II), a violation of G.L. c. 93A based on predatory lending (Count III), and Wrongful Foreclosure (Count IV).[1]  However, despite the document's title, Plaintiff did not verify this complaint as required by the statute, "to include a certification by the claimant made under the penalties of perjury that the complainant has read the complaint, that the facts stated herein are true and that no material facts have been omitted therefrom."  *See* Sec. Am. Compl. (Docket Entry #44).

Furthermore, Plaintiff has not named as defendants in this action "all owners of record" of the Property.  *See* G.L. c. 184 § 15(b); Sec. Am. Compl. (Docket Entry #44).  In fact, the Second Amended Complaint names *only* BANA, as successor in liability to BAC Home Loans Servicing, L.P., as a defendant.  As Plaintiff herself alleges in her Second Amended Complaint, the Property was purchased by Federal National Mortgage Association ("Fannie Mae") at a foreclosure auction that took place on or around June 21, 2011.  Sec. Am. Compl. ¶ 12.  However, Fannie Mae is not named as a defendant in the action, as is required by  G.L. c. 184 § 15(b).

Plaintiff has failed to comply with the procedural prerequisites set forth in G.L. c. 184 § 15(b), and her Motion for Memorandum of Lis Pendens should therefore be denied.

## **CONCLUSION**

For the reasons cited above, Defendant respectfully requests that the Court deny Plaintiff's Motion for Memorandum of Lis Pendens.

---

[1] In her Second Amended Complaint, Plaintiff has mislabeled her wrongful foreclosure claim as "Count VI."

Respectfully submitted,

BANA, N.A., successor by merger to BAC HOME LOANS SERVICING, L.P.

By its attorneys,

/s/ Kathleen E. Roblez
Chad W. Higgins (BBO# 668924)
Kathleen E. Roblez (BBO #676443)
GOODWIN PROCTER LLP
EXCHANGE PLACE
53 State Street
Boston, Massachusetts  02109
Tel.:  617.570.1000
Fax:  617.523.1231
chiggins@goodwinprocter.com
kroblez@goodwinprocter.com

Dated:  April 26, 2013

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on April 26, 2013.

/s/ Kathleen E. Roblez

Dated:  April 26, 2013